## CITY OF ROCKLAND *vs.* INHABITANTS OF MORRILL.

### Knox. Opinion December 1, 1880.

*Fundamental objections to an action. R. S., c. 24, § 1. Pauper. Settlement. Private laws 1861, c. 70, § 2.*

When, for fundamental reasons, a plaintiff cannot maintain his action, his motion to set aside the verdict against him and his exceptions to the ruling of the presiding justice at the trial become immaterial. And it seems that the defendant may raise such fundamental question at the hearing on the motion and exceptions although he did not raise it at the trial.

A person who had deceased prior to the division of a town, a part of which is incorporated into a new town, cannot be considered as "absent at the time" of the division, within the provision of R. S., c. 24, § 1, cl. IV; neither can he be considered as having his "home in the new town" within the last clause in that section.

A person who was not chargeable and supported as a pauper in the town of Belmont, on the third day of March, 1855, and whose legal settlement as defined by R. S., c. 24, was on that day in the town of Morrill, not remaining a pauper on March 9, 1861, is not within the provisions of private laws 1861, c. 70, § 2.

ON MOTION AND EXCEPTIONS.

The opinion states the case as considered by the law court.

*D. N. Mortland,* for the plaintiffs.

*A. P. Gould* and *J. E. Moore,* for the defendants.

VIRGIN, J. The plaintiffs seek to recover the value of certain pauper supplies furnished by them to J. F. Crockett and family, as paupers. The only question was the settlement of the paupers.

The plaintiffs claim and at the trial introduced much evidence tending to prove that J. F. Crockett was the legitimate son of Tristram and Experience Crockett; that Tristram never acquired any settlement in his own right, but derived one from his father whose settlement, at the time of his decease, was in Belmont, but in that part thereof, which, on the division of the town, in 1855, was incorporated as the town of Morrill; and that J. F. Crockett never acquired any settlement in his own right, unless it was in the plaintiff town, which the plaintiffs strenuously denied. Assuming these facts claimed to be true, the settlement of these paupers was once in Belmont, and is there now, unless it can be made to appear that it has been changed by operation of some provision of law. R. S. c. 24, § 2. For, while an original town, a part of the territory of which has been set off and incorporated as a new town, still retains all its property, powers, rights and privileges, it also remains subject to all its obligations and duties; unless some general or special law otherwise provides. *Windham* v. *Portland*, 4 Mass. 384; *Veazie* v. *Howland*, 47 Maine, 127, 131; *North Yarmouth* v. *Skillings*, 45 Maine, 133; *Frankfort* v. *Winterport*, 54 Maine, 250. The new town is likened to a child, leaving the old homestead and setting up for himself, portionless, but free from all the contracts, debts and obligations of the parent.

The general statute provides that upon division of a town, a person having a settlement therein "and absent at the time," has his settlement in that part of the town which includes his last dwelling place in the town divided. R. S., c. 24, § 1, cl. IV. But this provision does not apply to Tristram; for he was not "absent at the time" of the division. Having gone to sea some time between the years 1836 and 1839, sixteen years at least before the division on March 3, 1855, and never having been heard from thereafter, the law presumes he was dead nine years before the division. *White* v. *Mann*, 26 Maine, 361; *Stevens*

v. *McNamara*, 36 Maine, 176; *Loring* v. *Steineman*, 1 Met. 204. And being dead, he could not be considered "absent." This provision, therefore, did not relieve Belmont. And being dead when Morrill was incorporated, his home was not there then, and the latter provision in the fourth clause of § 1, cited, is not applicable.

J. F. Crockett being a minor at the time of his father's decease, then had the settlement of his father, which was in Belmont. Whether or not he was absent at the time of the division, is immaterial, since his last dwelling place was in that part of Belmont which remained Belmont. The evidence is undisputed that he was struck off from the list of paupers in the spring of 1851, went to live with Mr. Elwell, in what is now Belmont, and continued to live there continuously, until July, 1856, when he went to Belfast for a short time and then returned to Elwell's in December following, where he remained until the next spring. When Elwell removed to Belfast, Mt. Chase and Patten, Crockett either went with him or soon followed. In a word, the pauper made it his home at Elwell's, which was never in the territory, now Morrill, from 1851 to 1869, during all which period he received no aid from any town.

Nor by any special statute was he made one of the paupers of Morrill.

Section 3, (priv. laws 1855, c. 466,) of the act incorporating the defendant town, which provided what paupers the new town should support, was repealed by priv. laws 1861, c. 70, § 1, and a different provision relating thereto was substituted; § 2. This section provides that Morrill shall take and support "all persons chargeable as paupers and supported as such in said town of Belmont, on March 3, 1855, the day of the approval of act aforesaid, whose legal settlement as defined by R. S., c. 24, was on said March 3, in said town of Morrill, and who now remain paupers."

It is evident that this pauper does not come within the conditions of this section; for, as before seen, he was not supported as a pauper in Belmont, on March 3, 1855, his legal settlement was not on March 3, 1855, as defined by R. S., c. 24, in said

town of Morrill, and did not "remain a pauper" March 9, 1861, when the latter act took effect. The result is, he and his family are not to be "taken and supported by Morrill," but their settlement remains in Belmont.

Therefore, inasmuch as the plaintiffs cannot in any event maintain this action against these defendants, it is unnecessary to consider the motion or exceptions. *Wyman* v. *Banton,* 66 Maine, 171.

*Motion and exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, PETERS and LIBBEY, JJ., concurred.